Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                       )
IN RE:                                 )    CASE NO.        07-31556 (LMW)
                                       )
  REAR STILL HILL ROAD, LLC,           )    CHAPTER         11
                                       )
               DEBTOR.                 )    DOC. I.D. NOS.  40, 51
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

| | |
|---|---|
| Timothy D. Miltenberger, Esq. | Attorney for Movant Anthony Barrasso |
| Coan, Lewendon, Gulliver | |
| & Miltenberger, P.C. | |
| 495 Orange Street | |
| New Haven, CT 06511 | |
| | |
| Amy P. Blume, Esq. | Attorney for Respondent Debtor |
| Bershtein, Volpe & McKeon, P.C. | |
| 105 Court Street, #303 | |
| New Haven, CT 06511 | |
| | |
| Steven R. Rolnick, Esq. | Attorney for Town of Hamden |
| 2832 Whitney Avenue, Ste. A | |
| P.O. Box 185650 | |
| Hamden, CT 06518 | |
| | |
| Holley L. Claiborn, Esq. | Attorney for United States Trustee |
| One Century Tower | |
| 265 Church Street, Ste. 1103 | |
| New Haven, CT 06510 | |

**BRIEF MEMORANDUM AND ORDER GRANTING MOTION
TO DESIGNATE DEBTOR AS SINGLE ASSET REAL ESTATE ENTITY**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** Anthony Barrasso (the "Movant'), a relevant secured creditor in this case, has filed that certain Motion To Designate Debtor as Single Asset Real Estate Entity (Doc. I.D. No. 40, the "Motion");

**WHEREAS,** the above-captioned debtor in possession (the "Debtor") has filed that certain Debtor's Objection to Anthony Barrasso's Motion To Designate Debtor as a Single Asset Real Estate Entity (Doc. I.D. No. 51, the "Objection");

**WHEREAS,** the Motion and the Objection came on for a non-evidentiary hearing before this court on August 29, 2007. That hearing was continued on the same basis to September 5, 2007 (as so continued, the "Hearing");

**WHEREAS,** at the Hearing the court elected to apply to the foregoing contested matter the procedures of Rule 7056 ("Rule 7056") of the Federal Rules of Bankruptcy Procedure (*see also* Fed. R. Bankr. P. 9014 (making Rule 7056 applicable to contested matters)) and Local District Court Rule 56 ("Local Rule 56") for this district. The court directed the Movant to file his Local Rule 56 support for the Motion on or before September 13, 2007, and the Debtor (and/or any other objectors) to file its/their Local Rule 56 responses on or before September 20, 2007 (collectively, the "Rule 56 Schedule")[1];

**WHEREAS,** the Movant complied with the Rule 56 Schedule on September 13, 2007. (*See* Doc. I.D. Nos. 59 (Declaration of Timothy D. Miltenberger in Support of Anthony Barrasso's Motion To Designate Debtor as Single Asset Real Estate Entity, the "Miltenberger Declaration") and

---

[1] The court also directed that, if Section 341 meeting (the "Meeting") testimony was to be relied upon, that an authenticated record (the "Meeting Record") of the same be filed of record. The foregoing direction was satisfied by the United States Trustee on September 12, 2007. (*See* Doc. I.D. No. 58.) Moreover, the Movant has filed a certified transcript of the Meeting Record. (*See* Doc. I.D. No. 59 (Exhibit A).)

- 2 -

60 (Anthony Barrasso's Local Rule 56(a)(1) Statement in Support of His Motion To Designate Debtor as Single Asset Real Estate Entity, the "Movant's Statement").) The Debtor complied with the Rule 56 Schedule on September 20, 2007. (*See* Doc. I.D. No. 64 (Declaration of Amy P. Blume in Support of Debtor's Opposition to Motion To Designate Debtor as Single Asset Real Estate Entity, the "Blume Declaration") and 65 (Debtor's Local Rule 56(a)(2) Statement in Support of Its Objection to Anthony Barrasso's Motion To Designate Debtor as a Single Asset Real Estate Entity, the "Debtor's Statement").) The court has reviewed the Motion, the Objection, the Meeting Record and the respective Local Rule 56 filings, and is prepared to rule;

**WHEREAS,** this court has jurisdiction over this proceeding as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and that certain Order dated September 21, 1984 of this District (Daly, C.J.);[2]

**WHEREAS,** the court accepts the following facts as undisputed:

- On July 12, 2007, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. (Movant's Statement ¶ 1; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 1.)

- The Debtor is the owner of certain real estate (collectively, the "Property") in Hamden, Connecticut. (Movant's Statement ¶ 2; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 2.)

---

[2] That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . . ."

- The Debtor acquired the Property by way of a single deed (the "Deed") from Emerald Realty Corp. (Movant's Statement ¶ 3; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 3.)

- The Debtor owns nothing but the Property which the Debtor describes in its bankruptcy schedules as two parcels: a large approximately 50 acre parcel (the "50 Acre Parcel"); and a smaller approximately 7 acre parcel (the "7 Acre Parcel"). (Movant's Statement ¶ 4; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 4; *see also* Doc. I.D. No. 18 (Schedule A. Real Property).)

- The Property is taxed by the Town of Hamden as two tax lots: the 50 Acre Parcel and the 7 Acre Parcel. (Movant's Statement ¶ 5; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 5.)

- The legal description of the Property attached to the Deed conveys "a certain piece or parcel of land . . . containing 57.249 acres" without distinguishing between the 50 Acre Parcel and the 7 Acre Parcel. (Movant's Statement ¶ 6; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 6.)

- The Property description in the mortgage deed to the Movant is identical in all relevant respects to the Deed's Property description. (Movant's Statement ¶ 7; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 7.)

- All of the creditors that have a security interest against the Property have a claim against both parcels in the aggregate. (Movant's Statement ¶ 9; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 9.)

- On or about May 15, 2007, the Debtor submitted an "Inland Wetland Application" with the Town of Hamden. Attached to that application filed with the Hamden Planning and Zoning Commission is a "Public Watersupply Watershed/Aquifer Project Notification Form for the South Central Regional Water Authority." Michael Ajello, an attorney at the firm that represents the Debtor, signed the Notification Form. The Notification Form states the Property address as 760 Still Hill Road, and describes the total acreage of the property involved as 57.26 acres. (Movant's Statement ¶ 12; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 12.)

- On or about May 15, 2007, the Debtor submitted to the Hamden Planning and Zoning Commission a "Subdivision and Resubdivision Application." That form was signed by James McMahon, manager of the Debtor. According to that application, the Property address is "760 Still Hill Road" and the total number of acres involved is 57.26. (Movant's Statement ¶ 13; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 13.)

- On or about June 20, 2007, the Debtor submitted an amended "Subdivision and Resubdivision Application." That form was signed by James McMahon, manager of the Debtor and by Geraldine Lesunaitis as an additional Property owner.[3] According to that application, the Property address is "760 Still Hill Road" and the total number of acres involved is 57.26. (Movant's Statement ¶ 14; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 14.)

---

[3] Although Geraldine Lesunaitis is listed as an additional Property owner according to the application, the Debtor's schedules reflect no executory contracts or unexpired leases with Geraldine Lesunaitis.

- The Debtor did nothing between 1996 and 2006 to develop the Property. (Movant's Statement ¶ 15; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 15.)

- The Debtor's counsel refers to the current proposal before the Town of Hamden to develop thirteen lots (twelve house lots and one lot of remaining land) as "Phase I." (Movant's Statement ¶ 17; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 17.)

- The Debtor's Inland Wetland Applications (through the attached "Notification Form") and Subdivision and Resubdivision Application all refer to the current twelve lot subdivision as "Phase I." (Movant's Statement ¶ 18; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 18.)

- Phase I of the subdivision is on the 50 Acre Parcel. However, the Debtor testified at the Meeting (held on August 13, 2007) that it intended to proceed with the development of the 7 Acre Parcel within 30 days. (Movant's Statement ¶ 19; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 19.)

- Most of the engineering work has been done for the 7 Acre Parcel including surveying, road schematics, testing on individual lots, elevations, perk tests, deep hole tests, and drainage calculations. (Movant's Statement ¶ 20; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 20.)

- Both of the above-referenced phases of the proposed subdivision of the Property are for single family homes. (Movant's Statement ¶ 22; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 22.)

- Prepetition, the Town of Hamden commenced a tax foreclosure action with respect to the Property in two separate counts: one with respect to the 50 Acre Parcel; and one with respect to the 7 Acre Parcel. (Debtor's Statement (Disputed Issue of Material Fact) ¶ 3.)[4]

- In that foreclosure, the Superior Court ordered that the Property be sold in two separate parcels: first, the 7 Acre Parcel; and second, the 50 Acre Parcel. (Blume Declaration (Exhibit E).)[5]

- On or about May 25, 2007, the foreclosure committee for the Property filed a "Motion for Advice" with respect to the Property alleging in pertinent part as follows:

    This Committee went to Planning and Zoning and reviewed Maps #3326, #3327, #3426, #3427, #3428, which describes [sic] the two parcels. However, this Committee does not have an adequate description of each parcel, in order to convey the property separately.

    More particularly, the two parcels appear to be smaller lots, out of large lots which were subdivided.

    Therefore, this Committee seeks the advice of the Court, to determine if the parcels should be sold together, or the Judgment opened to allow a Surveyor to be hired so that the surveyor can prepare legal descriptions for each lot.

(Blume Declaration (Exhibit G).)[6]

- The surveying firm of Conklin & Soroka, Inc. prepared for the foreclosure committee a legal description for each of the 50 Acre Parcel and the 7 Acre Parcel based upon a compilation

---

[4]    Because it makes no difference to the result, the court treats this fact as undisputed.

[5]    *See* note 4, *supra.*

[6]    *See* note 4, *supra*.

- of assessor's information, survey maps by others, and compiled maps.  (Debtor's Statement (Disputed Issues of Material Fact) ¶ 6; Blume Declaration (Exhibit I).)[7]

- No tax foreclosure sale ever occurred.  (Movant's Statement ¶ 11; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 11.)

- Annexed to the Miltenberger Declaration is a map (supplied to the Movant by the Debtor on September 12, 2007) prepared by Conklin & Soroka, Inc. titled "Overall Schematic Design" showing the entire 57+ parcel subdivided with lots for single family homes.  The date of the "Overall Schematic Design" is May 14, 2007.  (Movant's Statement ¶ 23; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 23; Miltenberger Declaration (Exhibit N).)

- The appraisal for the 50 Acre Parcel presented to the Office of the United States Trustee by the Debtor, **"IS BASED ON THE <u>HYPOTHETICAL ASSUMPTION</u> THAT THERE IS A GRANTING OF ACCESS THROUGH ANOTHER SIX ACRES +/- SITE** [i.e., the 7 Acre Parcel] **OWNED BY THE SAME OWNER."**  (Miltenberger Declaration (Exhibit E at 2) (emphasis in original).)  Thus, the Debtor valued the real estate on the assumption that the 7 Acre Parcel was subservient to the 50 Acre Parcel, and the 50 Acre Parcel was dependent on the 7 Acre Parcel.  (Movant's Statement ¶ 24; Debtor's Statement (Responses to Movant's "undisputed facts") ¶ 24.)

**WHEREAS,** "summary judgment is appropriate only if the pleadings and submissions . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *The Andy Warhol Foundation for Visual Arts, Inc. v. Hayes (In re*

---

[7]    *See* note 4, *supra*.

*Hayes),* 183 F.3d 162, 166 (2d Cir. 1999). *See also* Fed. R. Civ. P. 56(c) (made applicable here by Rule 7056). The movant bears the burden of establishing the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."). The court must view all ambiguities and draw all reasonable inferences in the light most favorable to the nonmovant. *See Novak v. Blonder (In re Blonder)*, 246 B.R. 147, 150 (Bankr. D. Conn. 2000) (Krechevsky, J.);[8]

> **WHEREAS,** Bankruptcy Code § 101(51B) defines "single asset real estate" to mean:
>
> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental [thereto] . . . .

11 U.S.C.A. § 101(51B) (West 2007);

> **WHEREAS,** the only element of Section 101(51B) in dispute here is whether the 50 Acre Parcel and the 7 Acre Parcel constitute a "single property" or "single . . . project" within the purview of Section 101(51B);

---

[8] The *Celotex* court also said:

> [T]he entry of summary judgment [is mandated], after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.

*Id.*, 477 U.S. at 322. Here, the operative facts are uniquely within the Debtor's knowledge and discovery is not an issue and the Debtor bears the burden of proof on this element under Bankruptcy Code § 362(g)(2). Accordingly, it can be argued that summary judgment is mandated here pursuant to the above-quoted language from *Celotex*. However, even assuming that the Movant bears the burden of proof here, the Movant still prevails.

**WHEREAS,** even if two parcels do not constitute a "single property" within the purview of the statute, the two parcels may constitute a "single . . . project" within the purview of the statute and thus still may qualify as a "single asset real estate." *In re The McGreals,* 201 B.R. 736, 742-43 (Bankr. E.D. Pa. 1996). That is because Section 101(51B) states the requirements of "single property" and "single . . . project" in the disjunctive. *In re Philmont Dev. Co.,* 181 B.R. 220, 224 (Bankr. E.D. Pa. 1995);[9]

**WHEREAS,** "in order for two or more separate properties to constitute a single project within [the] meaning of Code §§ [sic] 101(51B), the properties must be linked together in some fashion in a common plan or scheme involving their use." *McGreals, supra* at 742;

**WHEREAS,** it is unnecessary for the court to determine whether the 50 Acre Parcel and the 7 Acre Parcel constitute a "single property" within the purview of the statute because (applying Rule 7056 standards) the court concludes that (on the facts set forth above) the two parcels constitute a "single . . . project" within the purview of the statute as a matter of law. It is undisputed that the Debtor plans to develop both of the parcels for single family homes. It also is undisputed that the Debtor has sought regulatory approvals for the two parcels on a unified, undifferentiated basis. The only basis upon which the Debtor relies to distinguish its plans for the 50 Acre Parcel and the 7 Acre

---

[9]  [T]he Court is strongly influenced by the drafters [sic] decision to include two separate classifications of real property within the purview of section 101(51B). Under section 101(51B), real property includes "single property" as well as "single project[s]." The court is convinced that even if the Debtor limited partnerships' real property does not fall within the scope of a "single property," . . . the term "single project" can reasonably be interpreted [to apply here] . . . .

*Id.* at 224.

Parcel is that the Debtor plans to develop the 7 Acre Parcel first. The Debtor does not allege that, except temporally, the development of the parcels will be different in any way. That is an insufficient basis to negate the Debtor's "common plan or scheme" to develop the Property for single family homes;

**NOW, THEREFORE,** for the reasons set forth above and pursuant to Rule 7056, it hereby is **ORDERED** that the Motion is granted and the Objection is overruled; and it is further

**ORDERED** that the court determines that the Property constitutes "single asset real estate" within the purview of Bankruptcy Code § 101(51B); and it is further

**ORDERED** that the court makes no adjustment to the litigation schedule for Doc. I.D. Nos. 43 and 52 which remain scheduled for an evidentiary hearing on October 16, 2007 at 10:00 a.m.

Dated: October 5, 2007                                              BY THE COURT

                                                                    Lorraine Murphy Weil
                                                                    United States Bankruptcy Judge